An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

AMBER JOHNSON,
Appellant,
vs.
CHRISTOPHER M. HORODESKY,
Respondent.

No. 67177

**FILED**

SEP 11 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a fast track appeal from a district court order regarding custody. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

The parties have one child together. Respondent brought a motion for sole legal and physical custody of the child. The order in place at the time respondent brought this motion granted the parties joint physical custody so long as appellant complied with certain conditions. The district court found that it was in the child's best interest to award primary physical custody to respondent subject to appellant's right of visitation, and award joint legal custody to the parties, but with appellant's legal custody rights limited and narrowly defined.

Appellant argues that the district court's findings were not supported by the evidence presented at the hearing and the child's best interest is not served by limiting her legal custody and awarding respondent primary physical custody. A district court may modify joint physical and legal custody when doing so serves the child's best interest. NRS 125.510(2); *Rivero v. Rivero*, 125 Nev. 410, 430, 216 P.3d 213, 227 (2009). District courts have "broad discretionary powers to determine

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27580

child custody matters, and we will not disturb the district court's custody determinations absent a clear abuse of discretion." *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 241 (2007). This court will not set aside district court factual findings if they are supported by substantial evidence. *Id.* at 149, 161 P.3d at 242. The district court found that appellant alienated the child from respondent, failed to correct past behavioral problems, demonstrated continued poor judgment, and failed to adhere to court orders. Contrary to appellant's assertions, these findings are supported by substantial evidence, specifically, testimony that was presented at the evidentiary hearing on the matter. *See id.* Moreover, there is no indication that these findings demonstrate district court bias or an improper acquiescence to the recommendation of the parenting coordinator. *See* NRCP 53 (providing that a court may appoint a special master who will prepare a report regarding the matters submitted to them). Accordingly, the district court did not abuse its discretion when it concluded that the child's best interest would be served by granting respondent primary physical custody and limiting appellant's legal custody rights. *See* NRS 125.510(2); *Rivero*, 125 Nev. at 421, 216 P.3d at 221 (providing that parents need not have equal decision-making power in a joint legal custody situation); *Ellis*, 123 Nev. at 149, 161 P.3d at 241.

Appellant also argues that the district court abused its discretion when it found that appellant had not complied with the terms of the prior stipulated order that had conditionally granted the parties joint custody provided that appellant begin counseling for herself and the child. The district court relied on this finding only as an alternative reason, other than changed circumstances, to entertain respondent's motion to modify custody. Thus, even if appellant had fully complied with the

stipulation's terms and had joint custody, the district court's principal reason for modifying custody—that doing so served the child's best interest—would remain unaffected.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. William S. Potter, District Judge, Family Court Division
     Steinberg Law Group
     Fine Law Group
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A